USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 2 6 2017

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANA L. PEGUERO,                                  :

                   Plaintiff,        :

          -against-              :

COMMISSIONER OF SOCIAL SECURITY,      :

              Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                                    MEMORANDUM DECISION
                                     AND ORDER

                                 15 Civ. 4714 (GBD) (HBP)

GEORGE B. DANIELS, United States District Judge:

     Plaintiff Ana L. Peguero brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of a determination by the Commissioner of Social Security that she is not entitled to disability insurance benefits ("DIB") or Supplemental Security Income ("SSI"). (Compl., ECF No. 2.) The Commissioner submitted a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Def.'s Mot. for J. on the Pleadings, ECF No. 15.)

     Before this Court is Magistrate Judge Henry B. Pitman's December 29, 2016 Report and Recommendation ("Report," ECF No. 19), recommending that this Court grant the Commissioner's motion and dismiss the Complaint.[1] (Report, at 1.) This Court adopts that recommendation.

## I.   LEGAL STANDARD

     This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186,

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

1189 (S.D.N.Y. 1985)).  Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515, 2015 WL 3536615, at \*4 (S.D.N.Y. June 4, 2015) (internal citations omitted).

Magistrate Judge Pitman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal.  (Report, at 68.)  No objection to the Report has been filed.

This Court may only set aside a decision by the Commissioner if that decision is based upon legal error or not supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and must be "more than a mere scintilla." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)).  When the Commissioner's determination is supported by substantial evidence, the decision must be upheld, "even if there also is substantial evidence for the plaintiff's position." *Morillo v. Apfel*, 150 F. Supp. 2d 540, 545 (S.D.N.Y. 2001).

## II.    ALJ DETERMINATION OF DISABILITY

Under the Social Security Act, a claimant is entitled to SSI and DIB if she can demonstrate that she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

To assess a claimant's eligibility, the Administrative Law Judge ("ALJ") undertakes a sequential five-step process.  20 C.F.R. § 416.920(a)(4).  In the first three steps, the claimant must demonstrate that:  (1) she is not currently engaging in substantial gainful activity; (2) she has a

- 2 -

"severe impairment" that significantly limits her ability to do basic work activities; and (3) she has

an impairment that meets or equals one of the listings in Appendix 1 of the regulations. At step

four, if the impairment is not included in the regulations, the ALJ will consider whether, despite

the claimant's severe impairment, she has the residual functional capacity ("RFC") to perform her

past work. Finally, at step five, if the claimant is unable to perform her past work, the ALJ will

determine whether there is other work that the claimant could perform. *See generally Rosa v.*

*Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (citing *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir.

1982)).

In assessing whether a claimant has a disability, the factors to be considered include: "(1)

the objective medical facts; (2) diagnoses or medical opinions based on such facts; (3) subjective

evidence of pain or disability testified to by the claimant or other[s]; and (4) the claimant's

educational background, age, and work experience." *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir.

1980). An ALJ must "grant controlling weight to the opinion of a claimant's treating physician if

the opinion is well supported by medical findings and is not inconsistent with other substantial

evidence." *Rosado v. Barnhart*, 290 F. Supp. 2d 431, 438 (S.D.N.Y. 2003) (citing 20 C.F.R. §

404.1527(d)(2)). If an ALJ does not give a treating physician's opinion controlling weight, he

must provide "good reasons" for declining to do so. *See* 20 C.F.R. §§ 404.1527(c)(2),

416.927(c)(2).

As the Report found, the ALJ in this case correctly analyzed Plaintiff's claim according to

the five-step evaluation process.[2]  (Report, at 50.)  At Step Three, the Report properly concluded

that the ALJ's findings (that Plaintiff's mental impairments and ear injury did not meet the criteria

---

[2] Because the ALJ decided factors one, two, and four in Plaintiff's favor, the Report correctly focused on
whether the ALJ's analysis at steps three and five complied with applicable legal standards and were
supported by substantial evidence. (*See* Report, at 50.)

for any listing in Appendix 1) were legally correct and supported by substantial evidence.  (*Id.*, at 50-56.)  The Report also properly found that the ALJ's RFC determination (that Plaintiff could perform light work with moderate pulmonary, auditory, and environmental limitations) was supported by substantial evidence.  (*Id.*, at 56-66.)  The Report correctly determined that the ALJ provided "good reasons" for affording less weight to some of the Plaintiff's treating physicians' opinions.  (*Id.*, at 59.)  Further, the Report correctly found that substantial evidence supported the ALJ's conclusion that Plaintiff's testimony was not entirely credible.  (*Id.*, at 64-65.)

At Step Five, the Report properly found that the ALJ reasonably relied on the testimony of a vocational expert and reasonably determined that Plaintiff was able to perform other work in the national economy.  (*Id.*, at 67-68.)  Given that the vocational expert identified three jobs in the national economy that Plaintiff could perform despite her limitations, the Commissioner met the burden of showing the existence of alternative substantial gainful employment suited to Plaintiff's capabilities.  As a result, the ALJ correctly determined that Plaintiff was not disabled.

## III.    CONCLUSION

Magistrate Judge Pitman's Report and Recommendation is adopted.  The Defendant's motion for judgment on the pleadings is GRANTED.  Plaintiff's Complaint is DISMISSED.

The Clerk of Court is directed to close the motion at ECF No. 15 and this case.

Dated: New York, New York
       January 25, 2017

SO ORDERED.

GEORGE B. DANIELS
United States District Judge